# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

PEOPLE OF THE STATE OF NEW YORK,

    -v.-

DAVID L. GIST,

             Defendant,

5:14-CV-1466 (GLS/ATB)

DAVID L. GIST, SR., pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a notice of removal,[1] together with an application to proceed in forma pauperis ("IFP"), submitted for filing by David L. Gist, Sr. ("Gist") (Dkt. Nos. 1, 2). Gist states that he is removing his criminal proceeding from State Court. (Dkt. No. 1 at 1). For the following reasons, this court will grant the motion for IFP status only for purposes of filing this action, but will recommend dismissal of this attempt at removal.

**I.   IFP Application**

A review of the IFP application shows that Gist declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that defendant is financially

---

[1] The documents filed by Mr. Gist are very difficult to decipher. He filed two documents, and it was unclear whether he intended these documents to be a complaint or a petition. He has referred to himself as a petitioner and as a plaintiff. (Dkt. No. 1, 1-1). However, giving the documents the most liberal interpretation, this court has determined that this action is a notice of removal, and thus will refer to Mr. Gist as the "defendant." Although Gist has named the Cortland County Law Enforcement Officials as defendants, the proper caption for such an action would include the People of the State of New York as the prosecution in the state court action. *See New York v. Best*, No. 14-CV-3634, 2014 WL 5305991 (E.D.N.Y. Oct. 15, 2014).

eligible for IFP status.

II. **Notice of Removal**

Defendant claims that he is "removing" this action to federal court and that he has been subject to double jeopardy, denied his right to witnesses, deprived of a preliminary hearing, denied the right to confront his accusers, denied *Brady* material, prosecuted on a defective indictment, and was subject to an illegal search and seizure based upon false statements by an informant. (Dkt. No. 1-1 at ¶ B(1)-(9)). The document continues for approximately 16 more pages, discussing all the ways in which the defendant's indictment is or was defective and how he has been, or will be, subjected to double jeopardy, among many other constitutional violations. (Dkt. No. 1-1 at 2-16). Part of the document that has been filed as Dkt. No. 1-1 is entitled "Brief" in which defendant also discusses the right to a speedy trial. (Dkt. No. 1-1 at 9-17).

III. **Removal Jurisdiction**

A. **Legal Standards**

1. **Procedural**

Certain criminal prosecutions may be removed from state to federal court. 28 U.S.C. § 1443. Section 1455 provides the procedures for removal of criminal prosecutions which qualify under section 1443. The procedure begins with the state court defendant filing a notice of removal in federal court. 28 U.S.C. § 1455(a). The statute provides that the court in which a notice of removal is filed shall review the notice "promptly." 28 U.S.C. § 1455(b)(4).

First, there is a time limit for removal. 28 U.S.C. § 1455(b)(1). The notice of

removal must be filed not later than thirty (30) days after the arraignment in state court or at any time before trial, "whichever is earlier," and must include all the grounds for removal. *Id*. § 1455(b)(1), (b)(2). In addition, the statute requires that the notice of removal contain "a short and plaint statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." 28 U.S.C. § 1455(a). Finally, section 1455 states that if it appears on the face of the notice that removal should not be permitted, "the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

### 2. Substantive

Substantively, the types of criminal cases that are removable under this statute are extremely limited. Section 1443(1)[2] provides for the removal of civil actions or criminal prosecutions that are commenced in state court if the defendant "'is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.'" *New York v. Best*, No. 14-CV-3634, 2014 WL 5305991, at *1 (E.D.N.Y. Oct. 15, 2014) (citing 28 U.S.C. § 1443(1)) ("*Best*"); *New York v. El*, No. 12-CV-4091, 2012 WL 3861227, at *1 (E.D.N.Y. Sept. 4, 2012). A party seeking to remove an action pursuant to section 1443 must satisfy a two part test established by the Supreme Court. *Best*, 2014 WL 5305991, at *1 (citing *Georgia v. Rachel*, 384 U.S. 780 (1966)). "'First, it must appear that the right allegedly denied to the [defendant] arises under a federal law, 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting

---

[2] Defendant cites to 28 U.S.C. § 1441, but that section clearly applies only to civil actions. The court will interpret the complaint as citing to the correct section.

3

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). The party seeking removal must show that the federal law at issue confers upon him the right to engage in the specific conduct with which he was charged. *Id.* (quoting *Johnson*, 421 U.S. at 219).

Second, it must appear on the face of the notice of removal, that the defendant is "'denied or cannot enforce' the specified federal rights in the courts of (the) State." *Id.* (quoting *Johnson*, 421 U.S. at 219) (parenthetical in original). The denial must be clear in the formal expression of state law, such as in a state legislative or constitutional provision, rather than a denial that first becomes apparent at the trial of the criminal case. *Id.* (citing *Johnson, supra.*; *Varricchio v. Cnty. of Nassau*, 702 F. Supp. 2d 40, 68-69 (E.D.N.Y. 2010)).

In *Best*, the court explained that when the statute speaks about "any law providing for equal rights," it is referring to laws that are stated in terms of equality such as the Civil Rights Act of 1964, as distinguished from laws such as section 1983. *Best*, 2104 WL 5305991 at *2. A claim that the defendant's rights under constitutional or statutory provisions of "general applicability" have been violated will not be sufficient. *Id.* The court in *Best* distinguished between a criminal trespassing charge that was issued for attempting to obtain service at a place of public accommodation, and a murder charge, where defendant could not claim that a federal law legalized the conduct in which he engaged. *Id.* In *Johnson*, the Supreme Court held that even allegations that the statute under which the defendant was charged "is allegedly vague, or that the prosecution is . . . a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of [section] 1443(1). 421 U.S. at 219 (citing

*City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)).

### B. Application

#### 1. Procedural

Although defendant does not clearly set forth any date of arraignment, he mentions May 2, 2014 as the date of the search warrant execution and perhaps his arrest. Defendant filed this action on December 5, 2014. It is likely that defendant's notice of removal was not timely filed. In addition, defendant has failed to comply with any of the other requirements of this section. His statement of the grounds for removal is anything but "short and plain," and he has failed to include any of the state court documents. Their inclusion would have at least given this court an idea of what the state court proceeding entailed, even though, based upon defendant's statements, as discussed below, his criminal action is not of the type that can be removed.

#### 2. Substantive

Based on the narrow circumstances in which section 1443(1) is applicable,[3] and the facts stated in defendant's papers, the court would be required to recommend a remand to state court. To the extent that the court understands defendant's rambling statements, there is absolutely no reference to civil rights laws or to laws providing for racial equality as required for removal. Defendant recites standard constitutional challenges to criminal prosecutions such as double jeopardy, speedy trial, illegal search and seizure, and denial of confrontation, to name a few. The charged crime appears to

---

[3] None of the other removal provisions would be applicable to this case. Section 1441 applies only to civil actions. Sections 1442, 1442a, and 1443(2) generally apply only to criminal prosecutions of federal officers or entities or military personnel, and section 1444 applies only to foreclosure actions brought against the United States.

have something to do with prescription drugs,[4] and defendant requests that the court dismiss the indictment pursuant to New York Crim. Proc. Law § 210.25 (Motion to dismiss indictment; as defective), and § 210.20 (Motion to dismiss or reduce indictment). (Dkt. No. 1 at 4-5) (copies of New York statutes). There is also no indication that the defendant would be unable to raise any of his constitutional issues in the New York courts. These deficiencies are fatal to removal.

## IV.   **Miscellaneous Statutes**

Defendant has also cited 5 U.S.C. § 553 (Rule Making) and 28 U.S.C. § 2344 (Review of Orders of Federal Agencies). It is unclear why he might be citing these sections, and he mentions a plea and the Second Circuit,[5] but it is not clear what he is referencing. It does appear that he claims law enforcement personnel took $ 1,800.61 from defendant, and that this was his "SSA" money, but it is unclear what he wishes to allege regarding this money, other than the claim that it was improperly taken.

To the extent that defendant challenges the authority of the State to prosecute him, and would ask this court's intervention, the court will not intervene in an ongoing state criminal matter. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Additionally, if the prosecution has been completed, and defendant wishes to raise any federal constitutional claims in federal court relating to a conviction, he may raise them in a

---

[4] Defendant does not specify what the charges were or are. There are no specifics regarding a trial. In fact, there are no clear statements about anything defendant raised. Defendant mentions something about being arrested for his own prescription drugs, but without the state court documents, this court has no way of knowing what defendant's criminal charges were.

[5] He also cites 28 U.S.C. §§ 1295 (Federal Circuit Jurisdiction) and 1291 (Circuit Court Jurisdiction over final decisions of district courts). Neither citation relates to anything that defendant states in the petition, nor does either statute provide a basis for this court's jurisdiction.

petition for habeas corpus relief under 28 U.S.C. § 2254, but only after he has exhausted the remedies available to him in state court.

V. **Dismissal or Remand**

Section 1455 provides that if, after prompt examination, "it clearly appears on the face of the notice and any exhibits attached thereto, that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). It is clear in this case that removal is not appropriate. However, the court cannot remand a case that may or may not exist. The defendant's notice in this case is so unclear that this court can only guess where defendant's is being prosecuted.[6] Thus, this court will recommend dismissing this action.[7]

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that defendant's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED,** that this action be **DENIED and DISMISSED,** and it is.

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on defendant by regular mail.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing

---

[6] The court notes that defendant included "No. 2014-0094" which may be an indictment number from Courtland County, but there is no reference to a particular court.

[7] The court cannot order remand if it does not know where the remand should go, and in any event the statute provides that the filing of a notice of removal will not prevent the State from proceeding with the prosecution, "except that a judgment of conviction shall not be entered unless the prosecution is remanded." 28 U.S.C. § 1455(b)(3). Thus, I am recommending dismissal.

report.  Any objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 15, 2014

Hon. Andrew T. Baxter
U.S. Magistrate Judge